```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ELLIOT GARNER,                      :

                  Plaintiff,        :   09 Civ. 5767 (RJH)(HBP)

     -against-                      :   OPINION
                                        AND ORDER
CAPTAIN DWYER and NEW YORK CITY     :
DEPARTMENT OF CORRECTIONS,
                                    :
                  Defendants.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge

By an application docketed on September 8, 2009 (Docket Item 4), plaintiff moves for pro bono counsel.[1]  For the reasons set forth below, the motion is denied without prejudice to renewal.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant.  Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys.  The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff.  If no panel member agrees to represent the plaintiff, there is nothing more the Court can do.  See generally Mallard v. United States District Court, 490 U.S. 296 (1989).  Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Of these, the merits are "[t]he factor which command[s] the most attention."  Id.; accord Morgan v. Heart, 09 Civ. 8984 (CM), 2010 WL 1645118 at *1 (S.D.N.Y. Apr. 16, 2010) (McMahon, D.J.).  As noted by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention.  Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'"), quoting Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).

> The Court of Appeals for the Second Circuit has
>
> stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim.  In Hodge, [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim,"

>and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted).  In Cooper v. A. Sargenti Co., [the court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit."  877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003).

Plaintiff's application establishes that he lacks the financial resources to obtain a lawyer and the legal expertise to represent himself in this matter.  It further details plaintiff's unsuccessful attempts to seek counsel independently.  However, the application fails because plaintiff's excessive force claim appears procedurally barred and unlikely to survive a motion to dismiss.

Plaintiff, a former inmate in the custody of the New York City Department of Correction, alleges that defendant Captain Francis Dwyer pushed him into a wall for trying to bring a banana back to his housing unit even though he offered no resistance.  The force of the blow allegedly caused plaintiff's right clavicle to "pop out and protrude from [his] collar" (Compl. at p.2).  Captain Dwyer then allegedly sent plaintiff to an isolation pen, where plaintiff claims he complained of chest pains but was denied medical attention for more than an hour.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 (2006) for violation of his Eighth Amendment right to be free from cruel and unusual punishment.[2]

Title 42 of the United States Code, Section 1997e, governs actions brought by prison inmates.  Section 1997e(a) requires that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This subsection applies to all claims regarding prison life, including individual episodes of excessive force.  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Section 1997e requires exhaustion of any available administrative remedies, regardless of whether they provide the relief that the inmate seeks.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A claim is not exhausted until the inmate complies with all administrative deadlines and

---

[2] To the extent plaintiff asserts any state law claims, such claims probably appear to lack an independent basis of subject matter jurisdiction and would require the court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (2006).  Such exercise is discretionary and generally state law claims should be dismissed if all federal claims establishing the basis of subject-matter jurisdiction are dismissed before trial. See Maric v. St. Agnes Hosp. Corp., 65 F.3d 310, 314 (2d Cir. 1995).  Since plaintiff's § 1983 claim appears unlikely to survive a motion to dismiss, this opinion does not consider the possible merits of plaintiff's state law claims.

4

procedures. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). Inmates must exhaust available remedies before filing suit; post-filing exhaustion does not cure a failure to exhaust. Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001), abrogated in part by Porter v. Nussle, supra, 534 U.S. at 532 (overruling the exemption of inmates' excessive force claims from the § 1997e exhaustion requirements) and Mojia v. Johnson, 351 F.3d 606, 610-11 (2d Cir. 2003) (overruling suggestion that providing notice and opportunity to respond to a sua sponte dismissal on exhaustion grounds was discretionary, not mandatory); accord Tolliver v. New York State Dep't of Corr. Servs., 08 Civ. 4561 (DC), 2009 WL 618371 at *3 (S.D.N.Y. Mar. 12, 2009) (Chin, D.J.); Schwartz v. Dennison, 518 F. Supp. 2d 560, 568 (S.D.N.Y. 2007) (Holwell, D.J.); Curry v. Mazzuca, 02 Civ. 4477 (JSR)(GWG), 2004 WL 2368013 at *3 (S.D.N.Y. Oct. 22, 2004) (Gorenstein, M.J.). Even if the deadline to file a grievance has passed, an unexhausted claim is barred from federal court. See Woodford v. Ngo, supra, 548 U.S. at 95. The Prisoner Litigation Reform Act of 1995 § 803, 42 U.S.C. § 1997e, removed the district court's discretion to stay proceedings while plaintiffs exhaust administrative remedies, and thus, courts must generally dismiss unexhausted claims. Neal v. Goord, supra, 267 F.3d at 122; Curry v. Mazzuca, supra, 2004 WL 2368013 at *4; McCoy v. Goord, 255 F. Supp. 2d 233, 254 (S.D.N.Y.

2003) (Chin, D.J.).  However, dismissal should be without prejudice so the inmate may file a new suit if he is able to exhaust the claim.  Neal v. Goord, supra, 267 F.3d at 123; Curry v. Mazzuca, supra, 2004 WL 2368013 at *4.

Plaintiff indicates in his complaint that the correctional facility has a grievance procedure, but that he did not pursue this remedy because it was, in his opinion, "not the proper venue to appropite [sic] the matter" (Compl. at 4). Regardless of plaintiff's opinion of the facility's grievance process, the foregoing authorities teach that plaintiff was required to exhaust the grievance process and his failure to do so makes it likely that his claims will have to be dismissed.

Any claim plaintiff asserts against defendant New York City Department of Corrections also appears without merit for the additional reason that there is no respondeat superior liability under Section 1983.  Monell v. Department of Soc. Serv., 436 U.S. 658, 694 (1978); accord Reynolds v. Giuliani, 506 F.3d 183, 190-91 (2d Cir. 2007).  The government is only subject to § 1983 liability when the injury results from "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."  Monell v. Department of Soc. Serv., supra, 436 U.S. at 694.  Plaintiff does not allege that Captain Dwyer's

6

actions were the result of a policy or custom instituted by the municipal defendant.

Accordingly, because it currently appears that plaintiff's claims are without merit, plaintiff's application for pro bono counsel is denied without prejudice to renewal. Any renewed application should consider the factors addressed in this opinion.

Dated:   New York, New York
         July 19, 2010

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies Mailed to:

Mr. Elliot Garner
102 Weirfield Street
Brooklyn, New York  11221

Shlomit Aroubas, Esq.
Assistant Corporation Counsel
City of New York
Room 3-188
100 Church Street
New York, New York  10007